IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs May 22, 2018

## CHRISTOPHER CLIFTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 110905   Bobby R. McGee, Judge**

_____

## No. E2017-02231-CCA-R3-PC

_____

The Petitioner, Christopher Clifton, appeals the post-conviction court's dismissal of his petition for post-conviction relief, wherein the Petitioner argued that he entered an involuntary and unknowing guilty plea to aggravated assault. After thorough review of the record and applicable law, we affirm the dismissal of the petition.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Christopher Clifton.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Charme Allen, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

The Petitioner entered a guilty plea to aggravated assault and received a four-year sentence. *State v. Christopher Clifton*, No. E2015-02307-CCA-R3-CD, 2017 WL 838666, at *1 (Tenn. Crim. App. Mar. 3, 2017), *no perm. app. filed*. Pursuant to the plea agreement, the Petitioner was given the opportunity to apply for probation. *Id.* Trial counsel withdrew from representation, and new counsel was appointed. *Id.* at *2. After a hearing on the Petitioner's application for probation, the trial court denied probation and

sentenced the Petitioner to serve the four-year sentence in confinement. *Id.* The Petitioner subsequently filed a motion to withdraw his guilty plea. *Id.*

In his motion to withdraw his guilty plea, the Petitioner asserted that his plea was involuntarily and unknowingly entered because he had suffered a stroke two years prior to entering the plea, "had 'never faced a felony charge of this nature or magnitude,'" and "was on Supplemental Security Income due to 'persistent seizures, memory loss, and overall disability following' surgery in 2011." *Id.* At the motion hearing, trial counsel testified that "the [Petitioner] had brain trauma, previously had suffered a stroke, suffered from depression, had some memory issues, and was unable to 'completely understand what was going on' at times." *Id.* He stated that he did not have the Petitioner's mental health evaluated but that he did not believe an evaluation was necessary. *Id.* at *2-3. He further testified that he had no reason to believe the Petitioner did not understand what was occurring when entering his guilty plea. *Id.* at *3.

The trial court denied the Petitioner's motion, holding that the Petitioner "failed to present any proof of a mental defect or disorder that would have rendered his plea involuntary or unknowing." *Id.* This court affirmed the denial of the motion on appeal. *Id.* at *5.

The Petitioner filed a timely pro se petition for post-conviction relief, in which he alleged his guilty plea was involuntarily and unknowingly entered. Post-conviction counsel was subsequently appointed but did not amend the pro se petition. At the beginning of the post-conviction hearing, the State made a motion to dismiss the petition alleging that the claim raised was previously determined. The post-conviction court granted the State's motion and accordingly dismissed the petition. The Petitioner timely appeals.

**ANALYSIS**

The Petitioner argues on appeal that the post-conviction court erred in dismissing his petition for post-conviction relief. The State maintains that the court properly dismissed the petition as previously determined. We agree with the State.

A petition for post-conviction relief shall be dismissed where "the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined." T.C.A. § 40-30-106(f); *see Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("When a claim has been previously determined, it cannot form the basis for post-conviction relief."). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40-30-106(h).

"A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." *Id.* The dismissal of a post-conviction petition is an issue of law, which we review de novo. *See Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002).

Here, the Petitioner claimed in his motion to withdraw his guilty plea that his mental health was affected by his medical conditions, which rendered his plea involuntary and unknowing. An evidentiary hearing was held, and the Petitioner was given the opportunity to present evidence and witnesses. He offered trial counsel's testimony that the Petitioner suffered from physical ailments including brain trauma and memory issues. The trial court rejected the claim that the Petitioner's health problems rendered his plea involuntary, and this decision was affirmed by this court on direct appeal. The Petitioner concedes that the only difference between a post-conviction hearing on the merits and the prior hearing to withdraw his guilty plea would be that the Petitioner could present evidence he did not present at the motion hearing, such as his medical records. However, because the Petitioner was given an opportunity to present evidence at the motion hearing, he was given a full and fair hearing on the merits, regardless of the fact that he did not present the medical records at the motion hearing. *See* T.C.A. § 40-30-106(h); *see also Charles E. Wagner v. State*, No. E2016-00823-CCA-R3-PC, 2017 WL 1205950, at *13 (Tenn. Crim. App. Mar. 31, 2017) (holding petitioner's claim of ineffective assistance of trial counsel was previously determined after petitioner raised it in his motion for new trial and on direct appeal, even though he "failed to present all evidence showing trial counsel's alleged ineffectiveness at the motion for a new trial hearing"), *perm. app. denied* (Tenn. July 20, 2017). Accordingly, the post-conviction court did not err in dismissing the petition because the claim raised was previously determined.

## CONCLUSION

Based on the foregoing reasons, we affirm the post-conviction court's summary dismissal of the Petitioner's petition for post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE

- 3 -